**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| William Worrell,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>　　　　Respondents. | No. CV-13-01683-PHX-PGR (MHB)<br><br>ORDER |

Having reviewed *de novo* the Report and Recommendation of Magistrate Judge Burns in light of Petitioner's Objection to the Magistrate's Report and Recommendation (Doc. 20), the Court finds that the petitioner's objections should be overruled and that his habeas corpus petition, initially filed on August 9, 2013 pursuant to 28 U.S.C. § 2254, should be dismissed with prejudice as time-barred because it was filed some three and one-half years after the expiration of the AEDPA's one-year statute of limitations.[1]

The petitioner does not dispute the Magistrate Judge's finding that the limitations period, absent any equitable tolling, expired on February 5, 2010. What

---

[1] Because the habeas petition was not timely filed, the Court cannot resolve the merits of the petition.

the petitioner objects to is the Magistrate Judge's conclusion that the AEDPA's limitations period should not be equitably tolled. The petitioner argues that he is entitled to equitable tolling (1) because his state post-conviction relief counsel was ineffective, (2) because he lacked notice and constructive knowledge of the AEDPA's filing deadline set forth in 28 U.S.C. § 2244, and/or (3) pursuant to the Supreme Court's decision in Martinez v. Ryan, 132 S.Ct. 1309 (2012).

The Court agrees with the Magistrate Judge that the petitioner has not met his heavy burden of showing that equitable tolling is applicable here, which requires that the petitioner establish that he pursued his rights diligently and that some extraordinary circumstance prevented him from timely filing his habeas petition. Holland v. Florida, 560 U.S. 631, 649 (2010). The petitioner cannot meet the first prong of the test because the record shows that he waited some three years and nine months to take further action in state court after the dismissal of his first PCR proceeding, and that he waited some four and one-half years after the AEDPA's limitations period began running to file his habeas petition. The petitioner also cannot meet the second prong of the test because his lack of legal sophistication and limited legal resources and his alleged failure to receive effective representation during the applicable filing period, which the record shows did not amount to attorney abandonment, do not constitute extraordinary circumstances. As the Magistrate Judge correctly noted, the Martinez decision has no application to the issue of the timeliness of the petitioner's habeas petition. *See* Arthur v. Thomas, 739 F.3d 611, 630 (11th Cir.2014) (Court stated that "the *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period."); Davis v. Ryan, 2015 WL 327456, at *2 (D.Ariz. Jan. 23, 2015) (Court noted that the Supreme Court's decision

in *Martinez v. Ryan*, while recognizing an equitable excuse for procedural default, does not provide a time-bar excuse because procedural default and compliance with the federal statute of limitations are two distinct inquiries.); Owens v. Ryan, 2014 WL 4722491, at *10 (D.Ariz. Sept. 23, 2014) ("*Martinez* has no application to the statute of limitations in the AEDPA which governs Petitioner's filing in federal court.") Therefore,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (Doc. 17) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that petitioner William Worrell's Amended Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 5) is denied as time-barred and that this action is dismissed with prejudice.

IT IS FURTHER ORDERED that the petitioner's Request for Issuance of COA in the Alternative of Dismissal (Doc. 20) is denied and that no certificate of appealability shall issue and that the petitioner is denied leave to appeal *in forma pauperis* because jurists of reason would neither find it debatable whether the petitioner has made a substantial showing of the denial of a constitutional right nor whether the Court is correct in its procedural ruling.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly.

DATED this 28th day of April, 2015.

Paul G. Rosenblatt
United States District Judge